UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH C. PEDALINE,  )  | CASE NO.:   4:05CV1813 |
| ) | 4:04CR129 |
| Petitioner,    ) | |
| ) | JUDGE JAMES S. GWIN |
| v.    ) | Magistrate Judge George J. Limbert |
| ) | |
| UNITED STATES OF AMERICA,   ) | REPORT AND RECOMMENDATION |
| ) | |
| Respondent.    ) | |

On July 19, 2005, Petitioner Joseph C. Pedaline ("Petitioner"), a federal prisoner currently incarcerated in USP Hazelton in Bruceton Mills, West Virginia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* ECF Dkt. #1.[1]  For the following reasons, the undersigned recommends that the Court deny Petitioner's § 2255 motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 17, 2004, the grand jury returned a three-count indictment against Petitioner, Robert Arroyo, Michael Ciprian, Pamela Woodward, Shane Wagner, and Jeffrey Zimmerman. Count 1 of the indictment alleged that between June 2001 and February 2004 in the Northern District of Ohio, Eastern Division, the defendants did unlawfully, knowingly, and intentionally conspire and agree together to possess with the intent to distribute and distribute marijuana in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and 846.  *See* No. 4:04CR129, ECF Dkt. #1.  Count 1 further alleged that the objective of the conspiracy was to cultivate, grow, and process marijuana and provide it to the members of the conspiracy for

---

[1] Unless otherwise indicated, cited docket entries are from the instant case.

distribution, and in furtherance of the conspiracy, there were in excess of 1,000 marijuana plants growing at 814 Marshal Street, Youngstown, Ohio on February 24, 2006. *See id.* Count 2 charged each defendant with the manufacture (cultivation) of marijuana, in an amount in excess of 1,000 plants, in violation of 21 U.S.C. § 841(a)(1), and Count three charged defendant Jeffrey Zimmerman with the manufacture of marijuana, in an amount in excess of 100 plants. *See id.*

On April 22, 2004, Petitioner appeared before United States District Judge James S. Gwin for a change of plea hearing. *See* No. 4:04CR129, ECF Dkt. #58. Petitioner pleaded guilty to count 1 of the indictment charging him with conspiracy to possess with the intent to distribute and to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. *See id.*, ECF Dkt. #s 1 and 62 ("Plea Agreement"), ¶¶ 1-4 . In the Plea Agreement, the Petitioner and the United States set forth the following stipulation concerning Petitioner's sentence:

> For purposes of determining the defendant's statutory penalty and imprisonment range under the United States Sentencing Guidelines, *the defendant and government agree and stipulate as to Count 1 that the number of marijuana plants in the grow operation of which the defendant had knowledge was in excess of 3,000 plants.* The defendant and the government agree that according to Section 2D1.1(c) Note E of the Drug Quantity Table in the United States Sentencing Guidelines, the weight assigned to each plant is 100 grams, which would establish a base offense level under the Guidelines of level 26. However, the parties further agree that as a result of Title 21, United States Code, Section 841(b)(1)(A)(vii), the applicable statutory penalty is a mandatory minimum 10 years to life as is set out in paragraph 4 of this agreement. *The defendant acknowledges and understands that his base offense level will be the level first containing the 120 month mandatory minimum sentence in the defendant's applicable criminal history category.* The parties further agree that the defendant shall receive a two (2) level increase in his base offense level due to his role in the offense. (Section 3B1.1(c), Aggravating Role). The parties further agree that no other specific offense characteristics or

-2-

> cross references under the U.S. Sentencing Guidelines applies.

*Id*., Plea Agreement, ¶ 9a (emphasis added).

At the plea hearing, Judge Gwin informed Petitioner of the charge against him and explained the penalties that he was facing. *See* No. 4:04CR129, ECF Dkt. #176 at 3-4. Specifically, Judge Gwin addressed the Petitioner as follows:

> [i]t's alleged generally that your direct criminal conduct was associated with 3,000 plants of marijuana. Based upon that quantity, upon conviction of this charge you would face imprisonment of up to life imprisonment. You would also face at least a 10 year mandatory minimum. . . .
> Do you understand the nature of the crime with which you've been charged?

*Id*.

Petitioner stated that he did understand the charges and the nature of the penalty. Judge Gwin also outlined the rights that Petitioner was waiving by entering into a plea agreement. *See id.* at 5-6. Petitioner represented that he understood those rights and the fact that he was waiving them. *See id.* Judge Gwin then asked Petitioner if he had any complaints about counsel's representation of him. *See id.* at 6-7. Petitioner answered that he had no complaints. *See id.* Judge Gwin asked Petitioner if he had been happy with his counsel and if he felt that counsel had diligently represented him in terms of reviewing the evidence and giving his opinion. *See id*. Petitioner responded in the affirmative. *See id*.

Judge Gwin went over the conditions and provisions of the plea agreement with Petitioner. *See* No. 4:04CR129, ECF Dkt. #176 at 8-12. Petitioner responded that he did understand the contents of the plea agreement. *See id.* Petitioner also acknowledged that as part of his plea agreement, he was waiving the right to appeal his sentence in this case, except for claims of a

sentence in excess of the statutory maximum, an upward departure from the Sentencing Guideline range or challenges resulting from ineffective assistance of counsel or prosecutorial misconduct. *See id.* Judge Gwin then questioned Petitioner concerning the factual basis for his plea. *See id.* at 14-19.

Thereafter, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy with intent to distribute marijuana in violation of 21 U.S.C. § 846. *See* No. 4:04CR129, ECF Dkt. #176 at 20. The Court accepted Petitioner's plea finding that Petitioner had voluntarily and knowingly waived his rights by pleading guilty. *See id.* at 20-21.

On July 19, 2004, Judge Gwin adopted the findings contained in the Presentence Report at the sentencing hearing, except that he set the Petitioner's total offense level at 24. *See* ECF Dkt. #177. Starting with an adjusted offense level of 30, which encompassed the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(vii), *i.e.*, 120 months, Judge Gwin granted Petitioner a three level reduction for substantial assistance and a three level reduction for acceptance of responsibility. *See id.* at 8-12. Judge Gwin concluded that Petitioner's adjusted base offense was 24 and that his Criminal History Category was I. The available Guideline sentencing range was 51-63 months. *See id.* Petitioner's attorney requested a sentence at the low end of the Guideline range. Thereafter, Judge Gwin sentenced Petitioner to 54 months incarceration, three years of supervised release and a $100 special assessment. *See id.* Petitioner did not file a direct appeal challenging his sentence.

On July 19, 2005, Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence. *See* ECF Dkt. #1. In his § 2255 motion, Petitioner asserts the following grounds for relief:

> GROUND ONE: Trial counsel provided ineffective assistance by failing at sentencing to object and provide evidence of weight disparity of marijuana plants grown hydroponically as opposed to traditionally thus increasing the offense base evaluation unconstitutionally.
>
> Supporting facts: Movant requested that trial counsel object and present evidence that hydroponically grown marijuana produces far less of a yield in grams per plant as opposed to the yield in grams per plant of marijuana grown traditionally. Trial counsel refused. Evidence existed that supported movant's objections. As a result, movant's base offense level was determined pursuant to incorrect weight.
>
> GROUND TWO: The trial court's resort to judicial fact finding to increase the movants offense level amounts to plain error pursuant to *U.S. v. Oliver*, 397 F.3d 369 (6 th Cir. 2005).
>
> Supporting facts: Movant's base offense level was increased by 2 pursuant to USSG § 3B1.1(c). Total offense level was 27 after adjustment pursuant to USSG 3E1.1(a) and USSG 5K1.1.

ECF Dkt. #1 at 5, 6. The instant case was referred to the undersigned for a report and recommendation. *See* ECF Dkt. #4. On August 22, 2005, Respondent filed a brief in opposition to Petitioner's § 2255 motion. *See* ECF Dkt. #6. On September 30, 2005, Petitioner filed a reply brief. *See* ECF Dkt. #8.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:

> 1. That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2. That the court was without jurisdiction to impose such sentence;
> 3. That the sentence was in excess of the maximum authorized by law;
> 4. That the sentence is otherwise subject to collateral attack.

*U.S. v. Hill*, 368 U.S. 424. 426-27 (1962); 28 U.S.C. § 2255.

Motions brought pursuant to § 2255 are the sole means by which a federal prisoner can

collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *See Davis v. U.S.*, 417 U.S. 333 (1974); *Cohen v. U.S.*, 593 F.2d 766, 770 (6th Cir. 1979). In order to prevail on a Section 2255 motion alleging a constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *U.S. v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamso*n, 507 U.S. 619, 637-38 (1993)); *Griffin v. U.S.*, 30 F.3d 733, 736 (6th Cir. 2003). Conversely, in order to prevail on a Section 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *U.S. v. Hill*, 368 U.S. 424, 428 (1968)). Thus a petitioner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *U.S. v. Frady*, 456 U.S. 152, 166 (1982).

### III.    LAW AND ANALYSIS

Petitioner raises two grounds for relief. The first ground alleges ineffective assistance of trial counsel, while the second ground takes issue with an alleged sentence enhancement. Petitioner asserts that he suffered the ineffective assistance of counsel because his trial counsel did not object at sentencing to the weight of the marijuana specified in the Plea Agreement. Petitioner implies that the weight of the marijuana factored into his sentence. In his Plea Agreement, Petitioner stipulated as to count 1 of the indictment that the grow operation of which he had knowledge of was in excess of 3,000 plants. *See* Plea Agreement, ¶ 9a. Further, under section 2D1.1(c), Note E of the Drug Quantity Table in the Sentencing Guidelines, Petitioner stipulated that the weight assigned to each plant was 100 grams. *See id.* Based on the total drug quantity involved of 300 kilograms, along

with a Criminal History of I, the Petitioner's total offense level was calculated to be 26, making for a guideline range of 63 to 78 months.

Petitioner contends that the marijuana in the grow operation was grown hydroponically (as opposed to traditionally). Petitioner alleges that marijuana grown hydroponically produces far less of a yield in grams per plant as opposed to the yield in grams per plant of marijuana grown traditionally. Petitioner contends that his trial counsel should have objected (and refused to object) to the weight assigned to each plant of 100 grams at sentencing, even though Petitioner stipulated to the weight figure in his Plea Agreement. As a result, for purposes of calculating his sentence range under the Sentencing Guidelines, Petitioner asserts his base offense level was higher than it should have been because it was based on an inaccurately larger weight calculation of the marijuana.

As an initial matter, it is clear from the record that Petitioner had a right to raise claims of ineffective assistance of counsel in the instant motion. The Plea Agreement expressly excluded ineffective assistance of counsel from the claims that Petitioner was barred from raising in an appeal or § 2255 motion. *See* Plea Agreement, ¶ 13. However, be that as it may, for the following reasons the undersigned recommends that the Court dismiss Petitioner's first ground for relief with prejudice. If a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge. *U.S. v. Montano*, 398 F.3d 1276, 1279-1280 (11th Cir. 2005) (citing *Mills v. U.S.*, 36 F.3d 1052, 1055 (11th Cir. 1994)). A defendant cannot overcome this procedural bar unless he can demonstrate cause for the default and show actual prejudice suffered as a result of the alleged error. *See id.* In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he can demonstrate a fundamental miscarriage of justice.

Here, Petitioner did not file a direct appeal and offers no argument concerning cause for this default and actual prejudice. Thus, his first ground for relief is unexhausted and procedurally defaulted. Moreover, even assuming that Petitioner had not procedurally defaulted his first ground for relief, Petitioner's ineffective assistance of counsel claim must fail.

In order to demonstrate that counsel's performance was constitutionally ineffective, Petitioner must show that: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *See Strickland v. Wash.*, 466 U.S. 668, 687 (1984). In the instant case, Petitioner has not met his burden of proving the ineffective assistance of counsel in failing to object to amount of the weight of the marijuana as set forth in the Plea Agreement and at sentencing.

Under the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, based on all the surrounding circumstances. *See Strickland*, 466 U.S. at 688. Judicial scrutiny must be highly deferential and avoid the distorting effects of hindsight. *See id.* at 689. In order to satisfy the second prong of the *Strickland* test, Petitioner must show that a "reasonable probability" exists that, but for counsel's errors, the result of the criminal proceedings would have been different. *Strickland*, 466 U.S. at 694. To show prejudice upon a conviction entered on a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Here, Petitioner agreed to a plea deal on April 22, 2004. *See* ECF Dkt. #176. In the Plea Agreement, Petitioner expressly pled to having knowledge of over 3,000 marijuana plants in the grow operation. Further, Petitioner agreed that as a result of 21 U.S.C. § 841(b)(1)(A)(vii), his applicable statutory penalty was a mandatory minimum of 120 months and that he understood that his base level offense would be the first level containing the 120 month mandatory minimum sentence in the defendant's applicable criminal history category. Additionally, at the plea hearing, Petitioner "stipulated that [his] direct criminal association with th[e] conspiracy involved in excess of 3,000 plants[.]".

Because the Petitioner's offense involved a total drug quantity of approximately 300 kilograms of marijuana, the Petitioner's total offense level under the Sentencing Guidelines was calculated to be 26, along with a Criminal History of I, making for a guideline range of 63 to 78 months. *See* U.S.S.G. § 2D1.1(c)(7). However, because over 1,000 marijuana plants were attributed to the Petitioner, the statutorily required minimum sentence was ten years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(vii). The statute, § 841(b)(1)(A)(vii), states that any defendant convicted of an offense under this subsection involving "1,000 or more marijuana plants" shall be subject to a ten year mandatory minimum sentence regardless of the weight of the marijuana produced. Thus, under the plain language of the statute, the only requirement which must be met in order to trigger the applicable mandatory sentence is that the offense involve 1,000 or more marijuana plants. *See U.S. v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998).

In the Petitioner's underlying criminal case, the legislated mandatory minimum sentence was greater than the maximum sentence under the Petitioner's applicable guideline range; thus, the statutorily required minimum sentence applied under the guidelines as well. *See* U.S.S.G. §

5G1.1(b).

While the Petitioner's Plea Agreement led the court to find Petitioner responsible for enough marijuana (measured by total weight) to place him at an offense level of 26, the weight of marijuana attributed to Petitioner was irrelevant because it did not factor into his sentence. Petitioner pled guilty to having knowledge of a marijuana grow operation consisting of over 3,000 plants and the applicable drug statute calls for a mandatory minimum sentence of ten years if the offense involves 1,000 or more marijuana plants. Judge Gwin sentenced Petitioner to the mandatory minimum under the statute based on the number of marijuana plants involved in the offense and then decreased Petitioner's sentence for offering substantial assistance and  accepting responsibility. The weight of the marijuana involved did not affect Petitioner's sentence.  Judge Gwin did not, and consequently, the undersigned will not delve into the weight of the marijuana involved in Petitioner's offense because Petitioner pled guilty to conspiracy to possess with intent to distribute and to distribute 1000 or more marijuana plants in violation of 21 U.S.C. § 841(b)(1)(A)(vii), which carries a statutory mandatory minimum of 10 years. *See U.S. v. Rucker*, 133 Fed. Appx. 187, 194 (6th Cir. 2005) ("As he was sentenced under the statute, not under the Guidelines, his offense level, based on the quantity actually found by the judge, is irrelevant.").

Because the weight of the marijuana was irrelevant to Judge Gwin's sentence, any arguments by Petitioner that his counsel rendered ineffective assistance by not contesting the weight of the marijuana spelled out in the Plea Agreement must fail.  For this reason, the undersigned finds that Petitioner's first ground for relief has no merit.

Moreover, Judge Gwin found that Petitioner entered a plea knowingly, voluntarily and intelligently. *See* ECF Dkt. #176.  There is nothing in the pleadings or transcripts to suggest

otherwise, nor does Petitioner present credible grounds to suggest his plea was involuntary, unknowing or unintelligent. Further, the transcript reflects that Petitioner affirmed multiple times that he knew and understood the rights he was waiving, the terms of the plea agreement that he was agreeing to (including the number of marijuana plants involved) and that he was satisfied with his attorney. Therefore, the undersigned cannot conclude that Petitioner's plea also was not knowing, voluntary or intelligent.

In his second ground for relief, Petitioner asserts that the district court's "fact finding," which increased his offense level by two levels under USSG § 3B1.1(c), "amount[ed] to plain error." ECF Dkt. #8 at 5. Petitioner's essentially argues that his sentence was imposed in violation of *Blakely v. Wash.*, 542 U.S. 296 (2004) because the trial judge increased Petitioner's sentence based on findings of fact made by the judge.

This type of claim is now governed by the Supreme Court's intervening decision in *U.S. v. Booker*, 125 S. Ct. 738, 756 (2005), which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The undersigned finds that Petitioner's claim based on *Booker* lacks merit because his conviction (which he did not directly appeal) became final prior to the issuance of the *Booker* decision.[2] The Sixth Circuit recently held that the rule announced in *Booker* cannot be retroactively

---

[2] Here, the Petitioner's order of judgment was entered on the Court's docket on July 20, 2004. The Petitioner took no appeal and, thus, his conviction became final 10 days later when the time for filing a notice of appeal expired. *See* Fed. R. App. P. 4(b). *Booker* was decided on January 12, 2005. *See, e.g., Faison v. U.S.*, 2005 WL 3008576, *1 (E.D. Mich. Nov. 8, 2005) ("*Booker* issued on January 12, 2005, and does not apply

applied to cases on collateral review. *See Humphress v. U.S.*, 398 F.3d 855, 860 (6th Cir. 2005); *see also Edgecombe v. U.S.*, 2006 WL 151895, \*2 (W.D. Mich. Jan. 19, 2006) ("The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review.") (citing *Humphress*, 398 F.3d at 860-63).

In *Humphress*, the Sixth Circuit, after noting the general rule that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal," determined that *Booker* does not apply retroactively to cases on collateral review because *Booker* announced a new rule of criminal procedure.[3] See also Saunders v. U.S., 2005 WL 1668286, \*1 (E.D. Tenn. July 18, 2005) ("As a general rule, a petitioner seeking § 2255 relief may not rely on new rules of criminal procedure announced after her conviction has become final on direct appeal.") (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)).

Because a claim of error under *Booker* cannot be raised in a petition on collateral review where the underlying conviction became final prior to the *Blakely* and *Booker* decisions, the undersigned finds that Petitioner's *Booker* claim lacks merit.[4]

---

retroactively on collateral review to cases that were already final on direct review. Petitioner was sentenced on October 28, 2004, and his conviction became final on November 15, 2004 as a matter of law.") (internal quotation marks and citation omitted).

[3]Ten circuit courts of appeals have considered this issue (most recently the Fourth Circuit) and have held that *Booker* does not apply retroactively to cases on collateral review. *See U.S. v. Morris*, 429 F.3d 65, 66 (4th Cir. 2005) (citing *Humphress*, 398 F.3d 860) (other citations omitted).

[4]Additionally, as part of the plea agreement, the government and Petitioner further agreed that Petitioner would receive a two level increase in his base offense level due to his role in the offense. *See* ECF #62, ¶ 9a. "A plea of guilty submits the defendant to fact finding by the judge, rather than the jury. . . . *Booker* has not changed that." *U.S. v. Glover*, 413 F.3d 1206, 1209-10 (10th Cir. 2005) (citing *U.S. v. Bartram*, 407 F.3d 307, 314 (4 th Cir. 2005)).

Accordingly, the undersigned recommends that the Court dismiss the instant Petition because the two grounds for relief have been procedurally defaulted and in the alternative, are meritless.

## IV.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court dismiss Petitioner's § 2255 motion with prejudice.  *See* ECF Dkt. #1.

Date:     February 24, 2006                     /s/George J. Limbert
                                                                 George J. Limbert
                                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).